IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02626-CMA

WILLIAM DANIEL HARDIN,

      Applicant,

v.

TERRY JAQUES, Warden,
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Applicant, William Daniel Hardin, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado.  On November 2, 2017, Mr. Hardin filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 1) and  a Letter (Doc. # 3), challenging his conviction in Denver County District Court case 1987CR1542.  He has paid the filing fee. (Doc. # 5).  Following an order to cure deficiencies, Applicant filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 6), on November 28, 2017.

On November 30, 2017, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if they intended to raise either or both of those defenses in this action. (Doc. # 7). After receiving an extension of time, Respondents file their Pre-Answer Response (Doc. # 13) on January 18, 2018, arguing that the Application appeared timely but that Claims One, Two, Four, Five, Seven, Eight, Nine and Ten were procedurally defaulted, Claims One and Two were moot, and Claims Three, Six, and Nine failed to present a cognizable habeas claim. Mr. Hardin filed a Reply (Doc. # 16) on March 8, 2018, and a Supplement to the Reply (Doc. # 17) on March 30, 3018.

The Court must construe the documents filed by Mr. Hardin liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520‑21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 1988, Mr. Hardin was convicted by a jury of two counts of aggravated robbery, two counts of felony murder, and two counts of murder after deliberation. He was sentenced to consecutive terms of sixteen years for each aggravated robbery conviction and life imprisonment for each felony murder.

The Colorado Court of Appeals provides the following account of the lengthy procedural background in this case:

> Hardin was accused of robbing three men, Isaac Fisher,
> Victor Irving, and Lloyd Rhodes, and of killing two of the
> men, Fisher and Irving. The prosecution charged Hardin
> with one count of aggravated robbery for the robbery of all

three men and with two counts each of felony murder and murder after deliberation with respect to the killings of Fisher and Irving. When Hardin's 1988 trial concluded, the jury found him guilty by separate verdict forms of two counts of aggravated robbery regarding Irving and Rhodes and two counts each of felony murder and murder after deliberation with respect to Fisher and Irving. The jury acquitted Hardin of the aggravated robbery count with respect to Fisher.

The trial court entered a judgment of conviction and sentenced Hardin to consecutive terms of imprisonment of sixteen years for each aggravated robbery conviction and life for each felony murder conviction. It did not sentence Hardin on the murder after deliberation convictions.

Several months after the trial, Hardin filed a notice of appeal regarding the judgment of conviction. Soon after, he requested and was granted a limited remand to pursue an ineffective assistance claim, pursuant to Crim. P. 35(c), concerning his trial counsel. To avoid a conflict of interest, the public defender's office was allowed to withdraw from the postconviction proceedings and the appeal. In granting the remand in 1991, a division of this court ordered that the postconviction proceedings "be done with all due speed."

Over the next six years, the postconviction court appointed a succession of private attorneys to represent Hardin; they all withdrew before resolution of the proceedings. The postconviction court repeatedly set the matter, only to later vacate the settings. Hardin repeatedly expressed frustration with his legal representation and with his appointed attorneys' lack of action in the postconviction court and in this court.

A division of this court eventually vacated the limited remand and decided Hardin's direct appeal in 1997, about ten years after Hardin committed the underlying crimes. *See People v. Hardin*, (Colo. App. No. 88CA1898, Dec. 18, 1997) (not published pursuant to C.A.R. 35(f)) (*Hardin I*). That division affirmed Hardin's convictions, but it remanded with instructions for the trial court to vacate the felony murder conviction concerning Irving's death, enter a judgment of conviction for the count of murder after deliberation concerning Irving's death, and resentence Hardin

accordingly. *Id.* That division also concluded that Hardin's ineffective assistance of counsel claims should be considered in a postconviction proceeding. *Id.*

Hardin later filed a pro se Crim. P. 35(c) motion raising numerous claims, including ineffective assistance of counsel. The postconviction court denied the motion in 1999 without holding a hearing, appointing counsel, or resentencing Hardin in accordance with the remand instructions. Hardin appealed the 1999 order denying his postconviction motion. In December 2000, a division of this court reversed the order and remanded with instructions to hold further proceedings on Hardin's postconviction claims and to comply with the 1997 remand instructions regarding resentencing. *See People v. Hardin*, (Colo. App. No. 99CA2405, Dec. 21, 2000) (not published pursuant to C.A.R. 35(f)).

After the remand, the postconviction court appointed another attorney to represent Hardin in April 2001. Over the next four years, and after the postconviction court allowed several extensions of time to supplement Hardin's pro se Crim. P. 35(c) motion, Hardin's appointed counsel failed to file any supplement. Meanwhile, Hardin made numerous pro se filings expressing his frustration with his attorney's inaction and his desire to obtain adequate counsel. In response to the inactivity in these proceedings, the postconviction court appointed Hardin's current attorney in February 2005.

Almost eight years later, in December 2012 – about twenty-four years after trial and about twelve years after Hardin filed his original Crim. P. 35(c) motion – the third and final trial judge to preside over this case since the 2000 remand issued an order mandating that Hardin's postconviction proceedings "get moving." Thereafter, Hardin's attorney filed two supplemental briefs in support of his motion for postconviction relief. The postconviction court held an evidentiary hearing over three days on the matter. After the hearing, the postconviction court denied Hardin's motion. In denying the motion, the postconviction court stated that the twelve-year delay in the postconviction proceedings "did not amount to a remedial due process violation . . . and, perhaps most importantly, did not legally prejudice [Hardin]."

(Doc. # 13-9 at 2-6) (*People v. Hardin*, No. 14CA0710 (Colo. App. Dec. 1, 2016) (published as *People v. Hardin*, 2016 COA 175) (*Hardin III*).

Following the trial court's lengthy written order, issued on February 26, 2014, denying Mr. Hardin's postconviction claims, (Doc. # 13-7), he appealed the denial, (Doc. # 13-8). The Colorado Court of Appeals confirmed the denial of his postconviction claims on December 1, 2016. (Doc. # 13-9). The Colorado Supreme Court denied certiorari review on October 16, 2017. (Doc. # 13-10 and 13-11).

Mr. Hardin filed the instant federal habeas corpus action on November 2, 2017. (Doc. # 1). In the Amended Application, Mr. Hardin asserts the following ten claims for relief:

1. Mr. Hardin's convictions for felony murder and aggravated robbery are invalid because the jury failed to convict him of the charged aggravated robbery which served as the underlying felony for the aggravated murder. This violated the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution;

2. It was improper for Mr. Hardin to be convicted and sentenced for aggravated robbery when that aggravated robbery served as the predicate felony for a felony murder conviction;

3. The over eight year delay in adjudicating Mr. Hardin's direct appeal violated his rights under the due process and equal protection clauses of the United States Constitution;

4. The trial court's "acquittal first" instructions in Mr. Hardin's case interfered with the jury's ability to consider lesser included offenses thus depriving Mr. Hardin of his Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution;

5.  The trial court erred in failing to provide testimony requested by the jury during its deliberations thus violating Mr. Hardin's rights as guaranteed by the United States Constitution;

6.  The Court's over 12-year delay in resolving Mr. Hardin's Crim. P. 35(c) motion violated Mr. Hardin's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the corresponding Colorado Constitution;

7.  The denial of Mr. Hardin's right to counsel of choice violated the Sixth and Fourteenth Amendments of the United States Constitution and clearly established federal law;

8.  Mr. Hardin's appellate counsel rendered ineffective assistance of counsel by failing to raise 'counsel of choice' on direct appeal as this clearly violated his constitutional rights and clearly established federal law;

9.  Counsel was ineffective at Mr. Hardin's trial thus violating Mr. Hardin's constitutional rights pursuant to the Sixth and Fourteenth Amendments;

10. Delay in the re-sentencing of Mr. Hardin of 15 years form the Court of Appeals mandate in 88CA1898 requiring re-sentencing issued in 1998 following denial of a petition for certiorari to the Colorado Supreme Court, commensurate with the delay in re-sentencing of Mr. Hardin of 12 years from the Court of Appeals mandate in 99CA2405 requiring re-sentencing in 2001 violates due process, speedy trial rights, and amounts to cruel and unusual punishment.

(Doc. # 6).

## II.     ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation

period in 28 U.S.C. § 2244(d). (Doc. # 13 at 11 & 13-14).

## III.   **EXHAUSTION OF STATE REMEDIES**

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted).  However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

## A. Claim One

Respondents argue that claim one is procedurally defaulted and part of it is moot. In claim one, Applicant argues that his convictions for the aggravated robberies and felony murders are invalid because the jury failed to convict him of the aggravated robbery against Fisher. Specifically, Applicant maintains that because the three aggravated robberies were listed in one count, he was charged with only one crime and cannot be convicted because the jury found him not guilty of robbing Fisher. He further argues that to the extent the three separate aggravated robberies were charged in one count, the count was defective because it was duplicitous. As such, he argues his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendment were violated.

According to Respondents, Mr. Hardin raised this claim in his opening brief on direct appeal to the Colorado Court of Appeals, "relying on Colorado law and making

only conclusory reference to 'the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.'" (Doc. # 13 at 17).

The Court has reviewed Applicant's opening brief on appeal, in which he addresses this claim. *See* Doc. # 13-1 at 17-20. In the brief, Applicant relied on state law as the basis for Claim One. Mr. Hardin specifically argued that Colorado law was violated; in the "Summary of the Argument" he stated: "The State of Colorado charged all of the aggravated robbery offenses in the same count of the Information *in violation of Colorado law*." (*Id.* at 17 (emphasis added)). Further, in the brief, Applicant relied only on state caselaw and failed to cite any federal caselaw to support the claim. He also cited to the Colorado Criminal Code and stated that "[t]he law in Colorado is quite clear" and that "[t]he district attorney violated the mandatory proscription of Colorado law by charging each of Appellant's aggravated robbery offenses in the same count in the information." (*Id.* at 18 & 19). The title of the claim presented to the Colorado Court of Appeals also did not include any reference to a federal constitutional right. The only mention of the federal constitution is the very last paragraph, which states: "Applicant's convictions violate the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution . . . ." (Doc. # 13-1 at 20).

It is clear that claim one was not fairly presented to the Colorado Court of Appeals as a federal constitutional claim. Therefore, claim one is unexhausted.

Respondents also make a short conclusory statement that any challenge to the conviction for felony murder is moot "as discussed below in Claim Two." (Doc. # 13 at 18). The Court disagrees. Apparently Respondents believe that because one of the

felony murder convictions was vacated following remand from the Colorado Court of Appeals, any claim relating to felony murder is moot. However, Mr. Hardin was convicted of two counts of felony murder and originally sentenced on two counts. Therefore, the felony murder conviction and sentence as it relates to Mr. Fisher still stands. As such, claim one is not moot.

**B. Claim Two**

Respondents argue that claim two is procedurally defaulted and moot. In claim two, Applicant alleges that it was improper for him to be convicted and sentenced for aggravated robbery when the aggravated robbery served as the predicate felony for a felony murder conviction, which violated the Fifth and Fourteenth Amendments to the United States Constitution. According to Respondents, Mr. Hardin raised this claim in his opening brief on direct appeal to the Colorado Court of Appeals, "making scant reference to 'the Fifth and Fourteenth Amendments to the United States Constitution.'" (Doc. # 13 at 19). Additionally, Respondents argue that the Colorado Court of Appeals resolved this claim by remanding to the trial court with instructions to vacate the conviction for felony murder of Mr. Irving and enter in its place a conviction for murder after-deliberation. Those instructions were carried out by the postconviction court (albeit many years later) and, therefore, according to Respondents, this claim is moot.

The Court agrees with Respondent that this claim is moot. Although Mr. Hardin was originally sentenced for the aggravated robbery of Mr. Irving, as well as the felony murder of Mr. Irving, the Colorado Court of Appeals remanded the case to the trial court on December 18, 1997, and instructed that the felony murder conviction be

vacated and the conviction of murder after-deliberation be entered. (Doc. # 13-2 at 3-5) ("The trial court should therefore vacate the felony murder conviction, enter in its place a judgment of conviction for murder after deliberation, and resentence defendant accordingly."). Although it took many years and an additional remand from the Colorado Court of Appeals with the same instructions (Doc. # 13-6 at 5), Mr. Hardin was finally resentenced on February 26, 2014, as the Colorado Court of Appeals had directed. (Doc. # 13-7 at 25) ("Pursuant to the remand order in *Hardin I*, the conviction and sentence on Count 3 – the felony murder count as to Mr. Irving – is HEREBY VACATED, and that Count is HEREBY DISMISSED. In its place a conviction HEREBY ENTERS on Count 5 – first degree murder after deliberation as to Mr. Irving – and Defendant is HEREBY SENTENCED on that County 5 to the mandatory life without parole, consecutive to the other four sentences."). Therefore, Applicant's claim that it was improper to be convicted and sentenced for aggravated robbery when the robbery served as the predicate felony for a felony murder conviction is moot because his felony murder conviction of Mr. Irving has been vacated. Although his felony murder conviction of Mr. Fisher still stands, he was not convicted of an underlying aggravated robbery of Mr. Fisher. Accordingly, Applicant is not entitled to federal habeas relief for claim two because that claim is moot.

### C. Claim Three

Respondents argue that claim three is not a cognizable habeas claim. In claim three, Applicant argues that his due process and equal protection rights were violated by the over eight year delay in adjudicating his direct appeal. (Doc. # 6 at 21). This

claim was fairly presented to the Colorado Court of Appeals. (Doc. # 13-1 at 23-26).

According to Respondents, an inordinate delay in state appellate proceedings does not

constitute a cognizable federal claim.  The Court disagrees with Respondents.

According to the Tenth Circuit, the Due Process Clause requires "that the State

afford the defendant a timely appeal, for an appeal that is inordinately delayed is as

much a 'meaningless ritual', as an appeal that is adjudicated without the benefit of

effective counsel or a transcript of the trial court proceedings." *Harris v. Champion*, 15

F.3d 1538, 1558 (10th Cir. 1994).  The Court determines that claim three is a cognizable

habeas claim and it has been exhausted.

### D.  Claim Four

Respondents argue that claim four is procedurally defaulted.  In claim four,

Applicant argues that the trial court's "acquittal first" instructions interfered with the jury's

ability to consider lesser included offenses, which violated his Fifth, Sixth, and

Fourteenth Amendment rights.   Respondents assert that although Mr. Hardin raised

this claim in his opening brief on direct appeal to the Colorado Court of Appeals, he did

not fairly present it as a federal constitutional claim and instead only made conclusory

references to broad federal rights.

The Court has reviewed Mr. Hardin's opening brief on direct appeal. *See* Doc. #

13-1 at 29-32.  In the brief, this claim was titled: :"The Trial Court's 'Acquittal First'

Instructions In Appellant's Case Interfered With The Jury's Ability To Consider Lesser

Included Offenses." (*Id.* at 29).  The only reference to federal constitutional rights was

included in the short "Summary of the Argument," which stated:  "It was improper to

require the jury to acquit Appellant of the charged higher offenses before it could consider the lesser included offenses. Such an instruction violates Appellant's rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Colorado Constitution." (*Id.*) The argument section of his brief only included citations to state law cases, and included cases from numerous states other than Colorado as well. The argument in the brief encouraged the Court to "adopt the reasoning of the Ohio Supreme Court and the listed jurisdictions." (*Id.* at 32). There was no other mention – either implicitly or explicitly-- of federal constitutional violations. Thus, the single conclusory reference to federal constitutional rights did not fairly present the claim as a federal constitutional claim. As such, claim four is unexhausted.

      **E. Claim Five**

      Likewise, Respondents argue that claim five is procedurally defaulted. In claim five, Applicant argues that the trial court erred in failing to provide testimony requested by the jury during its deliberations, which violated Mr. Hardin's constitutional rights. Respondents assert that although Mr. Hardin raised this claim in his opening brief on direct appeal to the Colorado Court of Appeals, he only made conclusory references to broad federal rights.

      The Court has reviewed Mr. Hardin's opening brief on direct appeal. *See* Doc. # 13-1 at 33-35. In the brief, this claim was titled: "The Trail Court Erred In Failing To Provide Testimony Requested By The Jury During Its Deliberations." (*Id.* at 33). In the "Summary of the Argument," Mr. Hardin argued that his rights under the "United States

and Colorado Constitutions" were violated. (*Id.*)

In arguing his claim, Mr. Hardin cited to Colorado case law as well as federal case law of several different federal Circuit courts. In conclusion, he argued that he was deprived of his right to "a fair jury trial as provided by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution . . . ." (*Id.*)

Mr. Hardin cited to federal case law and mentioned federal constitutional rights numerous times. Thus, claim five is exhausted.

### F. Claim Six

Respondents argue that claim six is not a cognizable habeas claim. In claim six, Applicant argues that the over 12-year delay in resolving his Crim. P. 35(c) motion violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments.

Respondents correctly observe that there is no federal due process right to state collateral review. (*See* Doc. # 13 at 22 (citing *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 402-03 (2001) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). Thus, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). As such, federal courts have declined to find federal due process violations arising from delays in state collateral proceedings. (*Id.* at 22-23 (citing *Body v.*

*Watkins*, 51 F. App'x 807, 809-11 (10th Cir. 2002); additional citations omitted)).

Therefore, claim six is not a cognizable habeas claim and it will be dismissed.

### G. Claim Seven

Respondents argue that claim seven is procedurally defaulted. In claim seven, Applicant argues that the denial of his right to counsel of choice violated his Sixth and Fourteenth Amendment rights. According to Respondents, this claim was raised and resolved in Mr. Hardin's postconviction proceedings, but it was never raised on appeal.

The Court has reviewed Mr. Hardin's postconviction proceedings and determined that this claim was not presented on appeal of his postconviction motion. (Doc. # 13-8). Therefore, the claim is unexhausted.

### H. Claim Eight

Respondents argue that claim eight is procedurally defaulted. Claim eight asserts that Mr. Hardin's appellate counsel rendered ineffective assistance of counsel by failing to raise the "counsel of choice" claim on direct appeal. According to Respondents, Mr. Hardin never presented a claim to the Colorado courts regarding the alleged ineffectiveness of his appellate counsel. The Court agrees with Respondents. This claim was not presented to the Colorado courts and, therefore, claim eight is unexhausted.

### I. Claim Nine

Respondents argue that claim nine, which asserts multiple claims of ineffective assistance of counsel, was presented and resolved in Mr. Hardin's postconviction motion, but the claim was never raised on appeal of the postconviction proceedings.

According to Respondents, on appeal from the postconviction proceedings, Mr. Hardin instead presented a procedural claim pursuant to Colorado Crim. P. 35(c)(3)(V) that the postconviction court erred by making insufficient findings and conclusions for one of his ineffective assistance of trial counsel claims, that his trial counsel failed to object to the aggravated robbery count. (Doc. # 13-8 at 34-37). The Colorado Court of Appeals rejected his procedural claim. (Doc. # 13-9 at 17).

Respondents argue that because Mr. Hardin raised his claim as a violation of state procedural law, he failed to raise a federal question. The Court agrees that the claim presented during his postconviction appeal was a state procedural claim. Alleged error by the state courts in the state postconviction process is not a cognizable habeas corpus claim. *See e.g., Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002).

In addition to the ineffective assistance claim presented during the postconviction proceedings, the Court notes that Mr. Hardin also presented an ineffective assistance of counsel claim on direct appeal. (Doc. # 13-1 at 36-39). In his opening brief on direct appeal, he specifically alleged he received ineffective assistance of trial counsel because his counsel: (A) failed to object to indictment which charged all aggravated robberies in one count; (B) failed to object to the sentences for felony murder since Mr. Hardin was acquitted of the underlying felony; (C) failed to object to Mr. Hardin's sentences for aggravated robbery since he was acquitted of aggravated robbery; (D) failed to object to the convictions and sentences on both the felony murder and the underlying felony; (E) failed to object to the trial court's 'acquittal first' instruction; (F) failed to object when the trial court refused to provide Lloyd Rhodes testimony to the

jury upon its request. (*Id.*) These same allegations of ineffective assistance of counsel are included in claim nine of the habeas application. (Doc. # 6 at 41). However, the Colorado Court of Appeals concluded that an assertion of ineffective assistance of counsel "can be better resolved in a post-conviction proceeding." (Doc. # 13-2 at 11). Therefore, the Colorado Court of Appeals failed to address the claim on direct appeal. (*Id.*) Applicant failed to include these specific instances of ineffective assistance of claim in his postconviction motion.

Therefore, claim nine is unexhausted.

**J. Claim Ten**

Respondents argue that claim ten is procedurally defaulted. In claim ten, Applicant argues that the 15-year delay in re-sentencing following the Court of Appeals mandate issued in 1998, as well as the 12-year delay in re-sentencing from the Court of Appeals mandate issued in 2001, violated his due process and speedy trial rights and amounted to cruel and unusual punishment. According to Respondents, Mr. Hardin never presented this claim to the Colorado courts. The Court agrees. Claim ten was not presented to the Colorado courts and, therefore, is unexhausted.

## IV.    PROCEDURAL DEFAULT

The Court may not dismiss the unexhausted claims for failure to exhaust state remedies if the applicant no longer has an adequate and effective state remedy available to him. *See* Castille, 489 U.S. at 351. Mr. Hardin argues that if the Court determines some of his claims are unexhausted, he should be allowed to return to state court to exhaust them. According to Mr. Hardin, he still has a right to pursue relief

pursuant to Crim. P. Rule 35(a) and 35(c). Mr. Hardin asserts that he can raise claims regarding appellate and postconviction counsel's failure to present his appellate claims as federal constitutional claims and for failing to protect and preserve the claims that were submitted – or should have been presented -- in his postconviction petition.

However, it is clear that Mr. Hardin may not return to state court to pursue his unexhausted claims. Rules 35(c)(3)(VI) and (VII) of the Colorado Rules of Criminal Procedure provide that, with limited exceptions not applicable to Mr. Hardin, the state court must dismiss any claim raised and resolved in a prior appeal or postconviction proceeding as well as any claim that could have been presented in a prior appeal or postconviction proceeding.

Federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.* Application of this procedural default rule in the habeas

corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Hardin fails to demonstrate that Rule 35(c)(3)(VI) and (VII) of the Colorado Rules of Criminal Procedure are not independent and adequate state procedural rules. In any event, the court finds that Rule 35(c)(3)(VI) and (VII) are independent because the rules relies on state rather than federal law. The rules also are adequate because they are applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim. P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding). Therefore, Mr. Hardin's unexhausted claims are procedurally defaulted and cannot be considered unless he demonstrates cause and prejudice or a fundamental miscarriage of justice. *See Jackson*, 143 F.3d at 1317.

To demonstrate cause for his procedural default, Mr. Hardin must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant* , 499 U.S. 467, 493‑94 (1991) (internal quotation marks omitted). If Mr. Hardin can demonstrate

cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750 (1991).

In response, Mr. Hardin argues that he relied on his court-appointed counsel, both during direct appeal and the postconviction proceedings, to preserve and exhaust his federal claims. Mr. Hardin argues that he can demonstrate good cause for the procedural default of his unexhausted claims because he received ineffective assistance of counsel during his direct appeal and his postconviction proceedings. (Doc. # 17 at 2). According to Mr. Hardin, his appointed counsel on direct appeal failed to raise all of his claims on appeal and failed to fairly present them as federal constitutional claims. Therefore, Mr. Hardin requests that if the court determines some claims are unexhausted, that he be allowed to return to state court to exhaust the claims.

Mr. Hardin is correct that ineffective assistance of direct appeal counsel can constitute cause to excuse a procedural default in some circumstances. *See Edwards v. Carpenter*, 529 U.S. 446, 451‑52 (2000). However, Mr. Hardin cannot demonstrate cause for a procedural default premised on ineffective assistance of direct appeal counsel unless the ineffective assistance of counsel claim first is raised as an independent constitutional claim in state court. *See id.* Mr. Hardin fails to demonstrate that he has fairly presented to the state courts a claim that direct appeal counsel was ineffective by failing to raise certain claims on appeal. Despite Mr. Hardin's arguments to the contrary, any attempt to return to state court to pursue a claim of ineffective assistance of direct appeal counsel would be denied pursuant to Colo. Crim. P. Rules

35(c)(3)(VI) and (VII) (Colorado procedural rules reject claims that were or could have been raised in a prior proceeding). Therefore, Mr. Hardin cannot rely on any alleged ineffectiveness by direct appeal counsel to demonstrate cause for his procedural default of his unexhausted claims.

Next, Mr. Hardin argues that he received ineffective assistance of counsel during his postconviction proceedings because counsel failed to properly assert and exhaust all of his postconviction claims. In some circumstances, an applicant's procedural default of an ineffective assistance of trial counsel claim may be excused pursuant to the holding in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012). In *Martinez*, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial‑review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial‑review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17.

However, the holding in *Martinez* is not applicable to the majority of Mr. Hardin's claims. First, *Martinez* only applies to ineffective assistance of trial counsel claims. Therefore, *Martinez* does not apply to any of Mr. Hardin's other claims.

Next, to the extent Mr. Hardin argues his postconviction appellate counsel was ineffective for not including his ineffective assistance of trial counsel claims (that were included in his initial postconviction motion) on appeal, such arguments fail. *Martinez* is not applicable in such situations. Prior to *Martinez*, the Supreme Court held that an attorney's errors on appeal from an initial‑review collateral proceeding did not qualify as

cause for a procedural default, *see Coleman*, 501 U.S. at 757, and the Supreme Court

in *Martinez* reaffirmed that holding:

> The rule of *Coleman* governs in all but the limited
> circumstances recognized here. The holding in this case
> does not concern attorney errors in other kinds of
> proceedings, including appeals from initial‑review collateral
> proceedings, second or successive collateral proceedings,
> and petitions for discretionary review in a State's appellate
> courts. It does not extend to attorney errors in any
> proceeding beyond the first occasion the State allows a
> prisoner to raise a claim of ineffective assistance at trial,
> even though that initial‑review collateral proceeding may be
> deficient for other reasons.

*Martinez*, 132 S. Ct. at 1320 (emphasis added, citation omitted). Therefore, Mr.

Hardin cannot rely on *Martinez* to demonstrate cause for his procedural default based

on the alleged ineffectiveness of his post-conviction appellate counsel.

Mr. Hardin also alleges he received ineffective assistance of counsel from his

initial-review collateral proceeding counsel. Mr. Hardin was represented by counsel

during his initial-review collateral proceeding and his counsel did present an ineffective

assistance of counsel claim to the district court. However, it appears his postconviction

counsel failed to assert an ineffective assistance of trial counsel claim based on

numerous failures of counsel to object. Applicant had initially included such a claim in

his opening brief on direct appeal and the claim is included as part of claim nine in this

habeas action.

Therefore, if Mr. Hardin's postconviction counsel provided ineffective assistance

of counsel by failing to assert all of the ineffective assistance of trial counsel claims and

such claims are "substantial," the procedural default will be excused. The Court cannot

make the determination of whether Mr. Hardin received ineffective postconviction counsel and whether his ineffective assistance of counsel claims are substantial without the benefit of the record of Applicant's state criminal proceeding. Accordingly, the Court will defer ruling on whether Mr. Hardin has demonstrated cause for his procedural default of claim nine, his ineffective assistance of counsel claims, pending the Court's receipt of the state court record.

However, as for his other claims (besides claim nine), Mr. Hardin has failed to demonstrate good cause for the procedural default of those claims. Even when a claim is procedurally defaulted and the applicant cannot establish cause and prejudice to excuse the default, the federal habeas court may still address the merits of the claim if not doing so "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. A "fundamental miscarriage of justice," means that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96. That standard requires an applicant to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). As a result, fundamental miscarriages of justice are "extremely rare." *Id.* The habeas applicant bears the burden to present new evidence so persuasive that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 126 S. Ct. 2064, 2077, 165 L. Ed. 2d 1 (2006).

Mr. Hardin fails to allege facts that demonstrate a fundamental miscarriage of

justice that would excuse his procedural default of his claims. *See Schlup v. Delo*, 513

U.S. 298, 324 (1995) (stating that a credible claim of actual innocence requires a

petitioner "to support his allegations of constitutional error with new reliable

evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence--that was not presented at trial").  For these

reasons, claims one, four, seven, eight and ten are procedurally barred and will be

dismissed.

## V.    <u>CONCLUSION</u>

In summary, the Court finds that claims three and five are exhausted.  The Court

will dismiss claims one, four, seven, eight, and ten as procedurally barred.  Claim six will

be dismissed for failing to state a cognizable habeas claim and claim two will be

dismissed as moot.  Finally, the Court will defer ruling on whether claim nine is

procedurally defaulted.  Accordingly, it is

**ORDERED** that claims one, four, seven, eight, and ten in the Application are

dismissed as procedurally barred.  It is

**FURTHER ORDERED** that claim two is dismissed as moot.  It is

**FURTHER ORDERED** that claim six is dismissed as failing to state a cognizable

habeas claim.  It is

**FURTHER ORDERED** that within thirty days Respondents are directed to file an

answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully

addresses the merits of claims three and five, and further addresses whether the

procedurally defaulted ineffective assistance of counsel allegations in claim nine have

substantial merit and whether Mr. Hardin received ineffective assistance of counsel during the initial-review collateral proceeding pursuant to *Martinez v. Ryan*.  It is

  **FURTHER ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED: May 4, 2018     BY THE COURT:

             _____
             CHRISTINE M. ARGUELLO
             United States District Judge